MATTER OF PATEL

Application for Classification as Refugee

A-13788674

*Decided by Regional Commissioner October 14, 1968*

A native of Kenya who lived in that country with her parents until her non-immigrant entry into the United States in 1964, and who asserts unwillingness to return to that country because of fear of persecution because of race, is denied refugee classification under section 203(a)(7) of the Immigration and Nationality Act, as amended, since Kenya is not a country within the "general area of the Middle East" as that term is defined in section 203(a)(7), supra; further, there is no indication, nor has it been asserted, that Kenya was a Communist or Communist-dominated country.

ON BEHALF OF APPLICANT: Herman Schaier, Esquire
8 West 40th Street
New York, New York 10018

This application is before the Regional Commissioner for review on certification of the District Director's denial of the application for refugee classification under section 203(a)(7) of the Immigration and Nationality Act, as amended.

The District Director denied the application on the basis that the applicant had failed to establish at the time she came to the United States that she was fleeing from Kenya because she or her parents had been subject to persecution on account of race, religion, or political convictions; or, that Kenya is a country or area that is Communist-dominated or that it is within the general area of the Middle East as contemplated by the statute.

In an interview with an officer of this Service at New York on July 22, 1968 the applicant stated that she was born in Nairobi, Kenya on June 7, 1946; that she lived in Kenya with her parents until she arrived in the United States on December 19, 1964 as a nonimmigrant student to pursue a course at the Lowell Business School in Binghamton, New York; that when she arrived in the United States it was her intention to return to Kenya at the completion of her studies; that after 1966 the situation changed in

113

Kenya becoming such that she would be subject to persecution because of her race if she returned thereto and, as a consequence, she has decided to apply for refugee status. She further stated that her parents have remained in Kenya where her father owns and operates a business and that her parents have obtained Kenyan citizenship while she is a British citizen.

The applicant now seeks to be classfied as a refugee under the provisio of section 203(a)(7) of the Act in connection with an application for adjustment of status under section 245 of the Act. The attorney for the applicant has forwarded a brief in connection with the certification of the case to the Regional Commissioner. He submits that the statute does not require the showing of actual persectuion but that the applicant must show inability or unwillingness to return because of "persecution" or "fear of persectuion"; that the intent of the law is to grant refugee status to one who through no fault of her own finds herself without a country to which she can return without being subjected to persecution and discrimination; that the applicant must be considered as having constructively rather than physically fled Kenya; and that section 203(a)(7) clearly circumscribes the geographical area coming within its scope since Kenya lies in the general area of the Middle East as defined by the statute.

Section 203(a)(7) of the Immigration and Nationality Act, as amended, reads in relevant part as follows:

Conditional entry shall next be made available . . . to aliens who satisfy the Immigration and Naturalization Service officer at an examination in any non-Communist or non-Communist-dominated country, (A) that (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (I) from any Communist or Communist-dominated country or area, or (II) from any country within the general area of the Middle East . . . For the purpose of the foregoing the term "general area of the Middle East" means the area between and including (1) Libya on the west; (2) Turkey on the north; (3) Pakistan on the east; and (4) *Saudi Arabia and Ethiopia on the south*. . . (Emphasis supplied.)

There is no indication, nor has it been asserted, that Kenya was a Communist or Communist-dominated country or area. Instead, counsel contends that Kenya lies in the general area of the Middle East as defined by the statute. In determining the meaning of the term "general area of the Middle East" the statutory definition, *supra*, reveals that it is the area between and including those countries named therein. The southern geographical boundary is listed as Saudi Arabia and Ethiopia. In consulting the *Rand McNally Cosmopolitan World Atlas*, 1962 Edition, on page 3 thereof Kenya clearly is shown to be south of Saudi Arabia and

Ethiopia and therefore not within the statutory definition of the term "general area of the Middle East." As a consequence thereof the applicant has failed to qualify for consideration under section 203 (a) (7) of the Act since the statute clearly indicates that the individual must have fled from a Communist or Communist-dominated country or area or from a country within the "general area of the Middle East" which is specifically defined geographically. Kenya does not fall within this definition. As a consequence, no purpose would be served in considering whether the applicant fled from Kenya because of persecution of fear of persecution on account of race, religion, or political opinion.

For the reasons set out above the application for refugee classification is denied and the decision of the District Director is affirmed.

*It is ordered* that the decision of the District Director be and the same is hereby affirmed.